IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01143 |
| v. | ) |
| BNA AIRPORT, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney filed this complaint against BNA Airport. (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security ("SSI") payments, she has $0 in cash, her monthly expenses are covered by SSI, she has no discretionary income, and she does not expect any major changes to her monthly income or expenses in the next 12 months (Id.) Plaintiff did not provide a residential address. It appears that Plaintiff may be unhoused. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

**II. INITIAL SCREENING STANDARD**

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

1

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin, 765 F.2d at 85). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. Payne v. Secretary of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the

2

Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

## III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that, on an unspecified date, unidentified BNA Airport owners, operators, guards, police, and pilots violated Plaintiff's constitutional rights. Plaintiff was yelled at and called a racial slur. (Doc. No. 1 at PageID# 3-4). Much of the complaint is undecipherable, including her request for relief.

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2).

By naming "BNA Airport" as a Defendant, the Court understands Plaintiff to be referring to the Nashville International Airport which is operated by the Metropolitan Nashville Airport Authority ("MNAA"). However, the complaint does not explain how the airport or any of its employees violated Plaintiff's constitutional rights. "[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted. Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002).

The complaint does not identify the individual who allegedly yelled at Plaintiff and called her a racial slur. Even if it had, "vulgar and/or threatening language does not give rise to a constitutional issue." Jefferson v. Afison, No. 4:24-CV-2, 2025 WL 379875, at *5 (E.D. Tenn. Feb. 3, 2025) (citing Jones Bey v. Johnson, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude")); Alderson v. Shelby County Gov't, No. 11-2024-STA-dkv,

---

[1] Plaintiff has filed many pro se lawsuits in this Court since 2024. Her handwritten complaints are so skeletal and nonsensical that it is difficult to distill her statements into coherent narratives and causes of action.

2012 WL 566934, at *14 (W.D. Tenn. Feb. 21, 2012) (finding plaintiff had not stated a cognizable constitutional violation . . . as relates to [defendant's] utterance of the phrase 'Arian Nation.'").

Moreover, as Defendant points out, more than 180 days have passed since Plaintiff filed her complaint, and Plaintiff has yet to serve Defendant. (Doc. No. 9 at PageID# 23). For that reason alone, this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m), which provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Defendant's Motion to Dismiss (Doc. No. 8) is well taken.

## V. CONCLUSION

As explained above, the complaint fails to state a federal claim upon which relief can be granted. Alternatively, the complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). Defendant's Motion to Dismiss (Doc. No. 8) therefore is **GRANTED**. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE